Matter of Koplik (2019 NY Slip Op 00248)





Matter of Koplik


2019 NY Slip Op 00248


Decided on January 15, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Dianne T. Renwick, Angela M. Mazzarelli, Ellen Gesmer, Anil C. Singh, Justices.


M-4179 M-5384

[*1]In the Matter of Marc S. Koplik (admitted as Marc Stephen Koplik), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marc S. Koplik, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marc S. Koplik, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 25, 1973.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Denise M. Szekely and Si Aydiner, of counsel), for petitioner.
David Gendelman, Esq. For respondent.



PER CURIAM


Respondent, Marc S. Koplik, was admitted to the practice of law in the State of New York by the First Judicial Department on June 25, 1973, under the name Marc Stephen Koplik. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) because he counseled a client to engage in conduct he knew was illegal or fraudulent and suggested to the client that lawyers in the United States can act with impunity. Specifically, respondent met with a potential client who represented himself as appearing on behalf of a West African minister. The individual stated that the minister desired to purchase real property in the form of a brownstone, an airplane, and a yacht in the United States. Respondent was under the impression that the money involved was in the tens of millions. The individual's explanation of the source of the money suggested that the money was questionable. The individual related that "companies are eager to get hold of rare earth or other minerals ... And so they pay some special money for it. I wouldn't name it bribe; I would say facilitation money." Respondent informed the individual that they would need to hide the true source of the money by setting up different corporations to own the properties the minister sought to purchase. Respondent also provided assurances regarding protection of the attorney-client privilege and stated that "[t]hey don't send the lawyers [in the United States] to jail because we run the country."
The parties agree on the stipulated facts, including the admission to the acts of professional misconduct and the violation of rules 1.2(d) and 8.4(h) of the Rules of professional Conduct, the relevant factors in mitigation, and on the discipline. The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a public censure.
In support of the joint motion for discipline by consent, the parties rely on Matter of Jankoff (165 AD3d 58 [1st Dept 2018]), and agree that the circumstances in that case are analogous here and should be followed. In light of the significant factors in mitigation, including respondent's cooperation, admitted conduct and acceptance of responsibility, and the fact that the misconduct was aberrational and occurred in the context of a single, open-ended conversation during a meeting with a potential client after which respondent took no further steps, the parties agree that a public censure is appropriate.
Accordingly, the parties' motion for discipline by consent should be granted, and respondent is censured. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. [January 15, 2019]
The parties' motion for discipline by consent is granted, and respondent is publicly censured (M-5384). The Committee's petition of charges is denied as moot (M-4179).